IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Mary Fagnant, Brenda Dewitt-Williams and Betty Bey, as Power of Attorney for Brenda Dewitt-Williams, | ) ) ) ) ) | Civil Action No.: 4:11-cv-00302-RBH |
| Plaintiffs, | ) ) | **ORDER** |
| v. | ) ) | |
| Kathryn Michelle Johnson, K-Mart Corporation, Kings Festival Corp., Inc. and Gator Investors, Inc., | ) ) ) ) | |
| Defendants. | ) ) | |

The above-captioned Plaintiffs filed this action against the above-captioned Defendants in this Court's diversity jurisdiction, alleging several claims arising from South Carolina tort law. Defendants Kmart Corporation ("Kmart") and Gator Investors, Inc. ("Gator") filed motions for summary judgment. ECF Nos. 75, 88.   Both motions were denied by the Court on July 3, 2013. ECF No. 103.   Kmart subsequently filed a "Motion to Alter or Amend the Court's Order Dated July 3, 2013 to Include a Certification of this Matter for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) or, in the Alternative, to Certify Certain Questions of Law to the South Carolina Supreme Court," and Gator filed a similar motion, adopting Kmart's reasoning. ECF Nos. 108, 110. Plaintiffs oppose the motions, ECF No. 115, and, after reviewing the motions and the parties' briefs, the Court denies Defendants' motions.[1]

---

[1] Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."  The Court finds a hearing is not necessary.

Defendants do not ask this Court to reconsider its legal ruling grounded in the South Carolina Supreme Court's holding in *Bass v. Gopal, Inc.*, 716 S.E.2d 910 (S.C. 2011).  Instead, citing judicial economy and a speedy resolution of the case, Defendants ask this Court to certify the questions raised in their motions for summary judgment either to the United States Court of Appeals for the Fourth Circuit or to the South Carolina Supreme Court.  Regarding the interlocutory appeal to the Fourth Circuit, Defendants seek certification of the following question:

> Did the Court correctly apply current South Carolina law as applied through the lens of the Federal summary judgment standard in denying Kmart's motion for summary judgment?

Def. Kmart Corp.'s Mot. 2, ECF No. 108.  They point to the standard in 28 U.S.C. § 1292(b),[2] arguing that the legal question is controlling, that there is a substantial ground for a difference of opinion on the applicable legal principles, and that an interlocutory appeal material advances the ultimate termination of the litigation. *Id.* 3–5.  In the alternative, Defendants, citing Rule 244(a) of the South Carolina Appellate Court Rules,[3] ask this Court to certify to the South Carolina Supreme Court the question "of whether the elements of *Bass* are met on the facts of the case." *Id.* at 5–6.  They also note "it remains unclear after *Bass* how the new test is to be applied, what governs the foreseeability prong of the test, and what type of expert testimony is required to establish reasonable security measures." *Id.* at 6.

To support their argument, Defendants point to *Bass* and contend that "this case presents a weaker basis for liability than that presented in *Bass*, a case in which the South Carolina Supreme

---

[2] Section 1292 requires a district court to state in its order whether it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

[3] Rule 244(a) provides that a district court may certify to the South Carolina Supreme Court any "questions of law of [South Carolina] which may be determinative of the cause then pending in the certifying court when it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court."

2

Court found summary judgment was appropriate under South Carolina's more onerous scintilla standard." *Id.* at 4.    Accordingly, they argue that, because the South Carolina Supreme Court affirmed a *grant* of summary judgment, a substantial difference of opinion arises when this Court *denies* summary judgment under the federal—more than a mere scintilla—summary judgment standard. *Id.*   That basis alone, however, does not create a substantial ground for a difference of opinion.   In practice, by Defendants' standard, any close summary judgment case would create an issue for interlocutory appeal.

Here, however, evidence was presented that was not presented in *Bass*: specifically, expert testimony creating a dispute of fact as to *both prongs* of the *Bass* duty analysis.  In *Bass*, the South Carolina Supreme Court found sufficient evidence to dispute the foreseeability prong of the analysis; however, because the plaintiff's expert conceded at his deposition that there was not enough evidence *prior* to the incident to determine whether any security measures would be reasonable in light of the risk, the precautions prong was not met. 716 S.E.2d at 916–17.  This Court found Plaintiffs presented sufficient expert evidence to dispute the issues of foreseeability and reasonable security measures.   In the end, the question Defendants ask the Court to certify turns more on the sufficiency of the evidence and not on the substantive law itself.   Such a certification would not present the Fourth Circuit with "a pure question of law" that would justify interlocutory appeal. *Kennedy v. St. Joseph's Ministries, Inc.*, 657 F.3d 189, 195 (4th Cir. 2011).

Similarly, the Court finds certification of these issues to the South Carolina Supreme Court is not justified.  Again, this Court would not be certifying pure questions of law and instead would asking chiefly whether the evidence sufficiently meets the elements of *Bass*.  Regardless, this Court finds certification would be improper under Rule 244(a)'s requirement that there be "no controlling precedent in the decisions of the Supreme Court."    It is the opinion of the Court that *Bass*

3

sufficiently articulates the duty in the specific context presented by these disputed facts.  As this

Court ruled in its July 3, 2013 order, those disputed facts must be resolved by a jury.  Accordingly,

Defendants' motions are both denied.[4]

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant Kmart Corporation's motion to alter or

amend (ECF No. 108) is **DENIED** and that Defendant Gator Investors, Inc.'s motion for an order

allowing an interlocutory appeal (ECF No. 110) is **DENIED**.

**IT IS SO ORDERED.**

> s/ R. Bryan Harwell
> R. Bryan Harwell
> United States District Judge

Florence, South Carolina
August 28, 2013

---

[4] As both motions are denied, the Court finds a stay of the case to be unnecessary.