IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Mary Fagnant, Brenda Dewitt-Williams and Betty Bey, as Power of Attorney for Brenda Dewitt-Williams, <br><br> Plaintiffs, <br><br> v. <br><br> Kathryn Michelle Johnson, K-Mart Corporation, Kings Festival Corp., Inc. and Gator Investors, Inc., <br><br> Defendants. | Civil Action No.: 4:11-cv-00302-RBH <br><br> **ORDER** |

The above-captioned Plaintiffs filed this action against the above-captioned Defendants, which was removed to this Court in February 2011. Plaintiffs allege several South Carolina tort claims arising from an incident that occurred in a parking lot outside of Kmart Corporation's store in Myrtle Beach, South Carolina. The parties participated in a period of discovery that, pursuant to this Court's Sixth Amended Conference and Scheduling Order, ended on January 30, 2013. *See* ECF No. 70. Plaintiffs now move for sanctions against Kmart for its alleged failure to comply with this Court's January 2, 2013 Consent Order, which ordered Kmart to respond to Plaintiffs' second request for production of documents. Mot. for Sanctions 1, ECF No. 126. That motion is now before the Court. After reviewing Plaintiffs' motion and the parties' briefs, and considering the parties' arguments and supporting evidence, the Court grants Plaintiffs' motion in part and denies it in part.

In their motion, "Plaintiffs seek sanctions as provided by Rule 37 of the Federal Rules of Civil Procedure[1] or as the Court deems appropriate, based on the Defendant Kmart's willful violation of the Court's Order." Mot. for Sanctions 1. Specifically, Plaintiffs seek both Kmart's compliance with the January 2 order and sanctions for Kmart's noncompliance. Beyond other sanctions that this Court deems appropriate, the Plaintiffs' seek several depositions, directed to Kmart, under Rule 30(b)(6) of the Federal Rules of Civil Procedure.[2] Mot. for Sanctions 1–3.

---

[1] Rule 37(c)(1) permits the Court "on motion and after giving an opportunity to be heard" to impose "appropriate sanctions" "[i]f a party fails to provide information" pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, which imposes a duty of a party to supplement its discovery responses.

[2] The specific depositions requested are as follows:

> (A) 30(b)(6) deposition of the regional and district loss prevention managers of the Kmart store on 1403 North Kings Highway, Myrtle Beach, South Carolina on or before November 9, 2009 and/or the persons responsible for training, policies and procedures of Kmart in the event of criminal activity and/or conduct by persons in the store who are not employees;
> (B) 30(b)(6) deposition of the person responsible for training employees and loss prevention personnel of the Kmart store on 1403 North Kings Highway, Myrtle Beach, South Carolina on or before November 9, 2009, regarding policies, procedures and/or protocol in the event of criminal activity and/or conduct by persons in the store who are not employees;
> (C) 30(b)(6) deposition of the employee with Kmart and/or Sears Holding Corporation who was responsible for the latest loss prevention analysis of the Kmart and parking lot at 1403 North Kings Highway, Myrtle Beach, South Carolina prior to November 9, 2009;
> (D) 30(b)(6) deposition of the employee with Kmart and/or Sears Holding Corporation who was responsible for the latest Security Risk Level based on the CAP Index Reports for the Kmart store and parking lot at 1403 North Kings Highway, Myrtle Beach, South Carolina prior to November 9, 2009;
> (E) 30(b)(6) deposition of the employee with Kmart and/or Sears Holding Corporation who was responsible for surveys or studies regarding crime in Kmart stores and parking lots prior to November 9, 2009;

According to Plaintiffs, cause for sanctions arises from two alleged failures of Kmart.  The first is Kmart's failure to respond adequately to "item four" of Plaintiffs' second request for production of documents. Memo. in Supp. of Mot. for Sanctions 1–3, ECF No. 126-2.  That request sought "copies of any and all documents and manuals related to the training, policies and procedures, whether formal or informal, of any and all employees and loss prevention associates/managers of Kmart Corporation." *Id.* at 1.  The second ground is Kmart's failure to produce video from its store security camera relevant to the incident giving rise to this action (responsive to "item three" of Plaintiffs' second request for production of documents). *Id.* at 4.

Plaintiffs note, in arguing Kmart has not adequately responded to item four, that "Kmart did not produce a single document regarding training, policies and procedures of employees and loss prevention associates regarding criminal conduct of any nature in its stores and parking lots." *Id.* at 2.  Moreover, they provide citations to several cases involving Kmart that refer to documents and manuals that they argue would have been responsive to Plaintiffs' requests; however, the documents

---

(F) Depositions of Chase Fuchs and Randy Barrett, Loss Prevention Associates of Kmart at the Kmart store on 1403 North Kings Highway, Myrtle Beach, South Carolina on November 9, 2009;
(G) 30(b)(6) deposition of the person or persons who did "a diligent search" referred to in Kmart's Response to Plaintiffs' Second Request for Production for the two DVD's of the Kmart store on November 9, 2009 as testified to by Robbie Cox in his deposition;
(H) 30(b)(6) deposition of regional and/or district loss prevention manager that told James Robert Cox to mail to the corporate office the two DVD's of the Kmart store on November 9, 2009, as testified to in his deposition.
(I) 30(b)(6) deposition of person or persons who were responsible for Kmart's discovery responses to Plaintiffs' Second Request for Production and person or persons responsible for any supplemental responses to Plaintiffs' Second Request for Production.

Mot. for Sanctions 2–3.

and manuals were never produced in the case at bar. *Id.* at 2–3. The implication, of course, is that Kmart is withholding responsive discovery from Plaintiffs.

Kmart responds that "[i]t is self-evident from Plaintiffs' motion papers that the alleged deficiencies that are the subject of the Sanctions Motion would have been apparent to Plaintiffs upon Kmart's service of its discovery responses and responsive documents on January 10, 2013." Memo. in Opp'n to Mot. for Sanctions 3, ECF No. 135. As an example, it notes that Richard Summers, the manager of the store where the underlying incident took place, and Robert Cox, the store's loss prevention manager, testified during their depositions about training and policy manuals in their possession. *Id.* Kmart contends that Plaintiffs thus had all the information they needed during the discovery period in order to determine whether to seek the necessary and timely 30(b)(6) depositions; however, they waited for nearly ten months after the discovery deadline has passed, seeking the depositions by way of this motion. Plaintiffs, Kmart argues, should not be permitted to re-open discovery at this stage in the litigation.[3] *Id.* at 5. Finally, Kmart objects to the nature of the sanctions sought by Plaintiffs, stressing that they "are not related to the challenged discovery responses."[4] *Id.*

---

[3] The Court notes that the sixth amended scheduling order in this case provides that the matter should have been ready for trial on March 15, 2013. *See* ECF No. 70. The delays in setting a date for trial have been in part due to the scheduling constraints of the Court in light of the complexity of this case. Despite the delays, however, the deadlines have remained and (and continue to remain) the same.

[4] Kmart points out, and the Court agrees, that the depositions Plaintiffs' seek in items (C), (D), and (E) do not pertain to any of their previous discovery requests, as they concern loss prevention analyses and security risk analyses or surveys performed by Kmart of the store and parking lot. No document before this Court suggests Plaintiffs had ever asked for these documents during discovery. As such, it seems Plaintiffs seek, as a sanction, the re-opening of discovery. That, however, is a remedy the Court is not prepared to order. Plaintiffs have shown no diligence in bringing this matter to the Court after *six* amended scheduling orders and several continuances of the trial.

After reviewing the briefs and supporting documents of the parties, the Court finds Plaintiffs have failed to show that sanctions in the form of 30(b)(6) depositions are the appropriate remedy at this time. However, it remains Kmart's duty to respond adequately to item four. This Court need not remind Kmart that it has a duty to "supplement or correct its disclosure or response." Fed. R. Civ. P. 26(e)(1). Kmart was not just ordered by this Court to respond; it agreed to respond. Moreover, there is no indication that Kmart ultimately objected to the scope of the request, as they had to Plaintiffs' first request. Having waived any objections, Kmart has no basis to object to the production of copies of any and all documents and manuals related to the training, policies and procedures, whether formal or informal, of any and all of its employees and loss prevention associates/managers.[5] Indeed, it appears Kmart has made an effort to supplement its discovery responses, attaching documents and manuals as exhibits to its response to the motion now before the Court. *See* Memo in Opp'n to Mot. for Sanctions, Exs. A, B, ECF No. 135-1, 135-2. This supplemental production, while it may very well be complete, is no doubt suspicious. Therefore, out of an abundance of caution, the Court finds that the appropriate course of action for Kmart is to submit to this Court the affidavits of appropriate corporate representatives, attesting, under penalty

---

[5] In their briefs, the parties also refer to "item twelve" of Plaintiffs' *first* request for production of documents, which requested "copies of any and all documents relating to the training, policies and procedures, whether formal or informal, of any and all employees and/or security guards regarding criminal acts in the Kmart store or parking lot located on 1403 North Kings Highway, Myrtle Beach in Horry County, South Carolina." Kmart objected to this request as "overly broad, unduly burdensome, vague, ambiguous and speculative, and limited in time or scope and seeks information which is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence." While Plaintiffs moved to compel Kmart to respond, their motion was ultimately withdrawn. Thus, Kmart's objections to item twelve were never properly challenged by Plaintiffs', and this Court need not order Kmart to comply with the request specifically. This point, however, is a minor one. The request at issue, item four of Plaintiffs' second request for production of documents (to which Kmart did not object), encompasses item twelve. It was also Plaintiffs' second request for production of documents that was the subject of this Court's January 2, 2013 consent order. It is, therefore, unnecessary for the Court to order Kmart to respond to item twelve.

of perjury, that they have exhausted a comprehensive search for the responsive documents and manuals and have no more in their possession.[6]  Moreover, any additional responsive documents and manuals located and not previously produced shall be served on Plaintiffs' counsel as attachments to the affidavits.  The Court reserves its authority to consider the imposition of proper sanctions upon a sufficient showing by Plaintiffs that Kmart was or is deliberately withholding evidence in violation of its duties under the Rules or this order.  Those sanctions may include leave from this Court for Plaintiffs to notice 30(b)(6) depositions of the appropriate corporate representatives described in footnote six.

Plaintiffs' second basis for sanctions regards the apparent loss of video from Kmart's store's security camera.  In response to Plaintiff's request for any video relevant to the incident (item three), Kmart explained that it "is not in possession of any such materials responsive to Plaintiffs' request.  Furthermore and after a diligent search, Kmart has not found any record where videos were sent to Kmart by loss prevention manager Robbie Cox."  Plaintiffs, however, point to the deposition testimony of Mr. Cox, who indicated that he had reviewed relevant video footage and forwarded the video to Kmart's corporate office.  Despite having mailed the video, Mr. Cox could not remember who he mailed the video to.  It is for this reason that Plaintiffs seek 30(b)(6) depositions in order to flesh out the fate or location of the lost video.  They note that spoliation "will be an issue in the trial of this case." Memo. in Supp. of Mot. for Sanctions 4.

Similar to its response to Plaintiffs' first basis for sanctions, Kmart contends that Plaintiffs' request is not timely.  Specifically, it argues as follows:

---

[6] These appropriate corporate representatives shall include, but not necessarily be limited to, (1) persons knowledgeable or in possession of Kmart's documents and manuals related to the training, policies and procedures, whether formal or informal, of any and all of its employees and loss prevention associates/managers and (2) persons responsible for Kmart's discovery responses (including supplemental responses) to item four of Plaintiffs' second request for production of documents.

> The alleged deficiency in Kmart's response and production in this respect was known to Plaintiffs at Mr. Cox's deposition in October 2012 because Kmart had previously informed Plaintiffs that it was not in possession of any video recording of the incident. Certainly, Plaintiffs were aware of the Kmart's alleged failure to produce a responsive video recording in January 2013 when Kmart once again responded to Plaintiffs' discovery requests by indicating that it was not in possession of any video recordings.

Memo. in Opp'n to Mot. for Sanctions 4.

Plaintiff's request for sanctions based on Kmart's response to item three must be denied. Plaintiffs have only proffered evidence to support the fact that video was at one time in Kmart's possession. That evidence, of course, was available to Plaintiffs when they received Kmart's responses on January 10, 2013. Despite being on notice of the video, Plaintiffs did nothing further to compel its production. Furthermore, Plaintiffs present no other evidence to dispute Kmart's claim that it was unable to locate the video after a diligent search. The Court must rely on the representations of Kmart's counsel in the absence of other evidence. However, as noted above, Kmart is obligated to supplement its discovery responses if the video surfaces prior to trial. *Proof of Kmart's failure to supplement will result in appropriate sanctions by this Court.* Accordingly, Plaintiffs request to conduct 30(b)(6) depositions concerning the video is likewise denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for sanctions (ECF No. 126) is **GRANTED IN PART** and **DENIED IN PART**. Defendant Kmart Corporation is ordered to comply with item four of Plaintiffs' second request for production of documents. Kmart shall file the appropriate affidavits with the Court and serve on Plaintiffs' counsel any additional documents or manuals located, as discussed above, no later than **DECEMBER 13, 2013**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

December 6, 2013
Florence, South Carolina

8