IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Mary Fagnant, Brenda Dewitt-Williams and Betty Bey, as Power of Attorney for Brenda Dewitt-Williams, </br></br>   Plaintiffs,</br></br>v.</br></br>K-Mart Corporation and Gator Investors, Inc.,</br></br>   Defendants. | Civil Action No.: 4:11-cv-00302-RBH</br></br>**ORDER** |

  The above-captioned Plaintiffs filed this action against the above-captioned Defendants, which was removed to this Court in February 2011. Plaintiffs allege several South Carolina negligence claims arising from an incident that occurred in a parking lot outside of Kmart Corporation's store in Myrtle Beach, South Carolina. With the exception of the trial date, all deadlines contemplated in this Court's Sixth Amended Conference and Scheduling Order have passed. *See* ECF No. 70. Recently, Plaintiffs gave notice of their voluntary dismissal of Defendant Kathryn Michelle Johnson. *See* ECF No. 136. Defendants, with the exception of Defendant Johnson, who has not formally answered, have now moved to strike or to vacate Plaintiffs' notice of dismissal. *See* Mot. to Strike, ECF Nos. 139, 144. Plaintiffs filed a timely response to the motions. Moreover, Plaintiffs' filed a motion to dismiss Defendant Johnson pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. *See* ECF No. 143. After reviewing the parties' motions and briefs, and considering the parties' arguments, the Court denies Defendants' motions and deems Plaintiffs' motion to dismiss Defendant Johnson moot.

Defendants raise several bases for rejecting Plaintiffs' voluntary dismissal of Defendant Johnson. First, they argue that dismissal under Rule 41(a) of the Federal Rules of Civil Procedure is improper, especially at this stage of the litigation, and that Rule 41 only applies to the dismissal of *entire* actions. Second, they maintain that Defendant Johnson's dismissal at this time would unduly prejudice them and, for support, point to S.C. Code Ann. § 15-38-15. They contend that the statute modified South Carolina's common law rules pertaining to joint and several liability to the point that dismissing Defendant Johnson would now affect their ability to receive a fair trial. They also cite Rule 19(a) of the Federal Rules of Civil Procedure in arguing that Defendant Johnson is "clearly an indispensible party" because the court would be unable to "accord complete relief among existing parties." Finally, Defendants contend, in the alternative, that section 15-38-15 requires Defendant Johnson, if dismissed, to be listed on the jury verdict form in order for the jury to allocate fault among all tortfeasors. The Court will address Defendants' arguments in the order they were raised.

First, the Court finds Plaintiffs' notice of voluntary dismissal of Defendant Johnson to be proper. While Plaintiffs initially sought dismissal under Rule 41(a)(1), they later moved for dismissal under Rule 41(a)(2) as well. Rule 41(a)(1) permits a plaintiff to "dismiss an action without a court order by filing" either "a notice of dismissal before the opposing party serves either an *answer* or a motion for summary judgment; or . . . a stipulation of dismissal signed by all parties who have appeared." (emphasis added). Rule 42(a)(2) provides that any other voluntary dismissal by a plaintiff requires a "court order, on terms that the court considers proper." Defendants first argue that dismissal under Rule 41(a) is not proper because Rule 41 does not apply to the voluntary dismissal of individual parties in an action. Mot. to Strike 2–4. They cite *Robertson v. Limestone Manufacturing Co.*, 20 F.R.D. 365, 370 (W.D.S.C. 1957), for the interpretation that Rule 21 of the

2

Federal Rules of Civil Procedure is the "more appropriate" mechanism for dismissing parties. *Robertson*, however, involved several plaintiffs seeking to dismiss another plaintiff from the action to maintain complete diversity of the parties. *Id.* That is not the situation the Court is presented with here.

The Fourth Circuit Court of Appeals has not expressly identified the proper rule governing the dismissal of individual defendants in a multiple defendant case. Defendants rely on the court's unpublished opinion in *Skinner v. First American Bank of Virgina*, 64 F.3d 659, 1995 WL 507264 (4th Cir. 1995) (table opinion). However, *Skinner* did not touch on the dismissal of individual defendants. Instead, the court held that "Rule 15 is technically the proper vehicle to accomplish a partial dismissal" of *claims*, and this distinction is significant in light of the plain language of Rule 41. *Id.* at *2. Indeed, most of the circuits that have addressed the issue have determined that the standards of Rule 41 control. 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2362 (3d ed. 2008) (noting that "the sounder view and the weight of judicial authority" compels the application of Rule 41 to the dropping of individual defendants). Plaintiffs, for example, point to the practice of the Fifth Circuit (pre-Eleventh Circuit) Court of Appeals. *See Plains Growers, Inc., v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973). In *Plains Growers*, the court similarly analyzed the weight of authority and held that Rule 41(a) "can be effected against less than all of the defendants." *Id*. (citing several cases and secondary authorities for support). The Court is, therefore, persuaded that Rule 41 is applicable to this situation in the absence of any clear dictate from the Fourth Circuit.

Of course, the Fourth Circuit has observed that "similar standards govern the exercise of discretion under" the several rules, and its observation may explain the ambivalence of the court on the issue. *Skinner*, 64 F.3d 659. This case, however, requires a decision because Rule 41(a)(1)(A)(i)

gives a plaintiff a right to dismiss a party defendant, free from court intervention. *See Plains Growers*, 474 F.2d at 254. For that reason, Defendants argue alternatively that Defendant Johnson filed an "answer" when she sent a letter to Plaintiffs' counsel indicating that she was "confused as to how to respond[]," that she did "not have any representation," and that she needed "some more information as what [she] needed to do." They cite no law to support their position that this was an "answer" except for the rule that a court is generally required to construe the pleadings of a *pro se* party liberally. However, even construing Johnson's letter in the most liberal of readings, Johnson did not respond to the complaint in a legal sense—she neither admits nor denies the allegations of Plaintiffs' complaint. *See* Fed. R. Civ. P. 8(b)(1) ("In responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it; and . . . admit or deny the allegations asserted against it by an opposing party."). She has not filed an "answer" and certainly not a motion for summary judgment. Accordingly, the Court finds that Plaintiffs are entitled to dismiss Defendant Johnson as a matter of right under Rule 41(a)(1)(A)(i). In light of this ruling, Plaintiffs' motion to dismiss Defendant Johnson pursuant to Rule 41(a)(2) is deemed moot.

Second, the Court must address Defendants' argument that Ms. Johnson, now dismissed, must be joined as an indispensable party under Rule 19(a). Their argument that Ms. Johnson is an indispensable party is grounded in an interpretation of S.C. Code Ann. § 15-38-15. Subsection 15-38-15(A) modified the common law principle of joint and several liability for defendants who are "determined to be less than fifty percent of the total fault for the indivisible damages as compared with the total of: (i) the fault of all the defendants; and (ii) the fault (comparative negligence), if any, of plaintiff." Now, "[a] defendant whose conduct is determined to be less than fifty percent of the total fault shall only be liable for that percentage of the indivisible damages determined by the jury or trier of fact." *Id.* Because of the possibility that Defendants can be held only liable for their

percentage of the indivisible damages if Ms. Johnson is a party, Defendants contend that her joinder is necessary to "accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Otherwise, Ms. Johnson's absence could make Defendants jointly and severally liable for all damages attributable to all of the Defendants. Exposure to that risk, they maintain, would unduly prejudice them by making them liable for damages they would otherwise not be liable for.

The Court finds Ms. Johnson is not an indispensable party pursuant to Rule 19(a). The United States Supreme Court has noted that "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990). Moreover, the Advisory Committee Notes to Rule 19(a) indicate "that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." Thus, the mere fact that the damages are "indivisible" does not require joinder of Ms. Johnson. Of course, it is Defendants' contention that subsection 15-38-15(A)'s partial abrogation of joint and several liability in South Carolina alters the analysis, but the Court is not persuaded that that is the case. Recently, the South Carolina Supreme Court interpreted a provision of the state's Tort Claims Act ("SCTCA") which similarly limits the liability of SCTCA defendants to their proportion of fault. *See* S.C. Code Ann. § 15-78-100(c) ("[T]he trier of fact must return a special verdict specifying the proportion of monetary liability of each defendant against whom liability is determined."). The court's decision in *Chester v. South Carolina Department of Public Safety*, 698 S.E.2d 559, 560–61 (S.C. 2010), reversed the trial court's ruling that other non-SCTCA defendants must be joined pursuant to South Carolina's version of Rule 19.

This authority, if not mandatory, is highly persuasive in the Court's construction of the interplay between federal Rule 19(a) and section 15-38-15. In *Chester*, the court reasoned that no language in the SCTCA could be read to "compel a plaintiff to join other alleged tortfeasors as

5

defendants" in light of a "firmly entrenched common law principle." 698 S.E.2d at 560. Determinative was the "well-settled" rule that "a plaintiff has the sole right to determine which co-tortfeasor(s) she will sue." *Id.* Furthermore, the Court is guided by the Advisory Committee Notes accompanying Rule 19(a), explaining that the clause outlining the necessity to "accord complete relief among existing parties" "stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' rather than complete relief to the parties before the court." Here, Plaintiffs seek indivisible damages for the injuries resulting proximately from breaches of the duties Defendants owed them. *Cf. Dixon v. Edwards*, 290 F.3d 699, 713 (4th Cir. 2002) (characterizing the relief to be accorded as that sought by the plaintiff). Any judgment rendered by this Court would accord complete relief to Plaintiffs and "avoid[] repeated lawsuits on the same essential subject matter." Fed. R. Civ. P. 19 advisory committee's note. Ms. Johnson is, therefore, not an indispensable party under Rule 19(a).

Finally, Defendants argue that Ms. Johnson, at minimum, must be included on the jury verdict form in order to permit the jury to allocate fault among all tortfeasors, including non-party tortfeasors. Since the passage of section 15-38-15 in 2005, both the plaintiff's and defense bars have hotly debated the effect of the law, especially as it is related to non-parties like Ms. Johnson. *See* Note, Joshua D. Shaw, *Limited Joint and Several Liability Under Section 15-38-15: Application of the Rule and the Special Problem Posed by Nonparty Fault*, 58 S.C. L. Rev. 627 (2007). Here, no party has provided any authority directly on point from South Carolina's appellate courts, s*ee, e.g.*, *Keeter v. Alpine Towers Int'l, Inc.*, 730 S.E.2d 890, 899 (S.C. Ct. App. 2012) (declining to review trial court's decision to not allow the jury to consider the fault of a non-party), and this Court is pressed to weigh in on the issue (and to encroach into the oftentimes-foreign world of South Carolina statutory construction), *see, e.g.*, Order, Long v. Wray Automotive, Inc., No. 3:06-cv-

01199, 2006 WL 3612875, at *4 (D.S.C. Dec. 8, 2006) ("When a federal district court is confronted with an unresolved question of state law, it is the obligation of the court to predict the likely outcome if the highest court of the state were to actually rule on the undecided issue. In predicting the decision, the court can consider a number of sources, including recent pronouncements of general rules or policies by the state's highest court." (internal quotation marks and citations omitted)). Indeed, the debate finds its genesis in the wording of subsection 15-38-15(D), which provides that "[a] defendant shall retain the right to assert that another potential tortfeasor, whether or not a party, contributed to the alleged injury or damages and/or may be liable for any or all of the damages alleged by any other party." It is the position of Defendants that this subsection exists to prevent plaintiffs from doing precisely what Plaintiffs are attempting to do here; that the purpose of the scheme "will be frustrated." Mot. to Strike, 8–9. They argue that "[n]either justice, nor the clear intent of § 15-38-15, would be served by compelling the jury to disregard their feelings and allocate fault among only the parties given[,] that plaintiffs have dismissed the party with primary liability for their harm." *Id.* at 10.

This Court, however, must interpret the statute under the guidance that, in South Carolina, "[t]he cardinal rule of statutory construction is that the intent of the legislature must prevail if it reasonably can be discerned from the words used in the statute." *Cabiness v. Town of James Island*, 712 S.E.2d 416, 425 (S.C. 2011). Furthermore, the South Carolina Supreme Court explains that courts

> should give words their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation. A statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers. In interpreting a statute, the language of the statute must be read in a sense which harmonizes with its subject matter and accords with its general purpose. Any ambiguity in a statute should

7

> be resolved in favor of a just, equitable, and beneficial operation of the law.
>
> Courts will reject a statutory interpretation which would lead to a result so plainly absurd that it could not have been intended by the Legislature or would defeat the plain legislative intention. A statute should be so construed that no word, clause, sentence, provision or part shall be rendered surplusage, or superfluous.

*State v. Sweat*, 688 S.E.2d 569, 575 (S.C. 2010) (internal quotation marks and citations omitted).

A review of section 15-38-15 reveals that only subsections (D) and (E) refer to other potential tortfeastors. *See* S.C. Code Ann. § 15-38-15(E) ("Notwithstanding the application of this section, setoff from any settlement received from any potential tortfeasor prior to the verdict shall be applied in proportion to each defendant's percentage of liability as determined pursuant to subsection (C)."). All other subsections only refer to "defendants." This distinction is significant because only subsections (A), (B), and (C) affected substantive changes in the law as it existed at the time. Also telling is how the special verdict procedure outlined in subsection (C)(3) only provides for jury findings regarding the allocation of fault when there are "two or more defendants" who were previously found liable. The subsection provides no accommodation for non-party tortfeasors. Nevertheless, there is little question that subsection (D) presents an apparent conflict and thus an ambiguity in the scheme. But such a conflict can be harmonized by the context in which the law was passed. *See State v. Bridgers*, 495 S.E.2d 196, 197–98 (S.C. 1997) ("The General Assembly is presumed to be aware of the common law."). As noted above, the Supreme Court emphatically reaffirmed—*after* the enactment of the statute at issue—the long-recognized rule that "a plaintiff has the sole right to determine which co-tortfeasor(s) she will sue." *Chester*, 698 S.E.2d at 560; *see also* Robert R. Sansbury III, *Pointing the Finger: An Examination of South Carolina Law Regarding Allocation of Fault to Non-Party Tortfeasors*, The Defense Line, Fall 2013, at 42 ("Although *Chester* did not address the [Contribution Among Tortfeasors Act

("SCCATA")], it clearly showed the [South Carolina] Supreme Court's unwillingness, even after the SCCATA's passage, to allow fault allocation to non-party tortfeasors."). Moreover, prior to the statute's passage, defendants were entitled to assert an "empty chair" defense at trial and receive a setoff for any settlement obtained from a joint and several tortfeasor. *See Chester*, 698 S.E.2d at 560. The plain language of the statute simply codified a defendant's retention of these rights. A reading to the contrary would create more friction with the plain language than it would resolve.

All of these considerations convince the Court that Defendants' request to place Ms. Johnson on the verdict form must be denied. In order to overcome the "well-settled" rules recognized in *Chester*, the intent of the General Assembly must be more readily apparent from the plain language of the statute.

## CONCLUSION

For the foregoing reasons, **IT IS THEREFORE ORDERED** that Defendants' motions to strike or to vacate Plaintiffs' notice of dismissal (ECF Nos. 139, 144) are **DENIED**. Furthermore, Plaintiffs' motion to dismiss is deemed **MOOT**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, South Carolina
December 31, 2013